## SIGNET BANK/VIRGINIA v ENGRAM

### Case No. 88-1358-CC-03-F

County Court, Seminole County

December 19, 1988

### APPEARANCES OF COUNSEL

**Robert A. Antista,** The Dye Law Firm, P.A., for plaintiff.

**Treena A. Kaye,** Central Florida Legal Services, Inc., for defendants.

### OPINION OF THE COURT

FREDRIC M. HITT, County Judge.

### *FINAL JUDGMENT GRANTING DEFENDANTS' MOTION TO DISMISS*

This cause was heard on Defendants' Motion to Dismiss Plaintiff's Complaint which sought to enforce a Virginia judgment against Defendants. Being duly advised in the premises and having reviewed Memoranda of Law submitted by both parties, this court finds the uncontroverted facts to be as follows:

1. On or about December 22, 1986, Plaintiff, Signet Bank/Virginia, sued Defendants, Florida residents, in the General District Court of the City of Richmond, Civil Division, State of Virginia pursuant to an open end credit card agreement.

2. The agreement provided that Virginia law governed interpretation of the contract between the parties, but did not specify where suit on the contract was to be brought.

3. On January 21, 1987, Plaintiff obtained a default judgment in the Virginia court against Defendants.

4. On or about May 4, 1988, Plaintiff filed an action to enforce its Virginia judgment in Leon County, Florida.

5. On or about July 1, 1988, this action was transferred to Seminole County, Florida.

This court concludes as a matter of law that Defendants lacked sufficient minimum contacts with the State of Virginia to render them amenable to personal jurisdiction in the State of Virginia. Sufficient minimum contacts between non-resident Defendants and the forum state are required by substantive due process pursuant to the Fourteenth Amendment of the United States Constitution. *See, e.g., Burger King v Rudzewicz,* 85 L.Ed.2d 528 (1985); *Omega Homes, Inc. v Citicorp Acceptance Co.,* 656 F.Supp. 393 (W.D. Va. 1987); *Pacific Tele. and Tel. Co. v Geist,* 505 So.2d 1388 (Fla. 5th DCA 1987).

Therefore, the Virginia judgment sought to be enforced by Plaintiff is not entitled to full faith and credit in Florida and Defendant's Motion to Dismiss Plaintiff's Complaint is GRANTED.

Dated this 19th day of December, 1988 in Sanford, Florida.